STATE OF LOUISIANA                          NO. 18-KA-650

VERSUS                                      FIFTH CIRCUIT

C. T.                                       COURT OF APPEAL

                                            STATE OF LOUISIANA



ON REMAND FROM THE LOUISIANA SUPREME COURT
AN APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 15-5781, DIVISION "B"
HONORABLE CORNELIUS E. REGAN, JUDGE PRESIDING


July 15, 2020


**HANS J. LILJEBERG**
**JUDGE**


Panel composed of Judges Stephen J. Windhorst,
Hans J. Liljeberg, and Timothy S. Marcel, Pro Tempore


<u>**CONVICTION AND SENTENCE VACATED;**</u>
<u>**REMANDED**</u>
> **HJL**
> **SJW**
> **TSM**

COUNSEL FOR PLAINTIFF/APPELLEE,
STATE OF LOUISIANA
 Honorable Paul D. Connick, Jr.
 Terry M. Boudreaux
 Juliet L. Clark

COUNSEL FOR DEFENDANT/APPELLANT,
C. T.
 Martin E. Regan, Jr.

COUNSEL FOR PLAINTIFF/APPELLEE,
STATE OF LOUISIANA, DEPARTMENT OF JUSTICE
 Jeffrey M. Landry
 Colin Clark
 J. Taylor Gray

**LILJEBERG, J.**

## ON REMAND FROM THE LOUISIANA SUPREME COURT

This matter comes before this Court pursuant to an order of remand from the Louisiana Supreme Court. *See State v. C.T.*, 19-1390 (La. 6/3/20), --- So.3d ---, 2020 WL 3424319 (*per curiam*). In its order, the Louisiana Supreme Court instructed this Court to conduct a new error patent review in light of the United States Supreme Court's ruling in *Ramos v. Louisiana*, 590 U.S. ---, 140 S.Ct. 1390, -- L.Ed.2d -- (2020). For the following reasons, after review, we find that defendant is entitled to a new trial. Accordingly, we vacate defendant's conviction and sentence and remand to the trial court for further proceedings.

## LAW AND DISCUSSION

Defendant, C.T., was charged with aggravated rape of a known juvenile, where the victim was under the age of thirteen, in violation of La. R.S. 14:42.[1] The punishment for this offense is necessarily confinement at hard labor, so a jury of twelve persons was required. *See* La. Const. Art. I, § 17; La. C.Cr.P. art. 782; La. R.S. 14:42. At the conclusion of defendant's trial, a non-unanimous jury found defendant guilty as charged by a vote of eleven to one. The trial court sentenced defendant to life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence.

On appeal to this Court, as one of his assigned errors, defendant argued that his conviction by a non-unanimous jury violated his Sixth Amendment right to a fair trial.[2] However, at the time of defendant's conviction, non-unanimous jury verdicts were permissible under La. Const. Art. I, §17, La. C.Cr.P. art. 782, and the applicable jurisprudence. This Court affirmed defendant's conviction and sentence

---

[1] After the offense in this case, La. R.S. 14:42 was amended in 2015 by La. Act No. 184, to rename the offense of aggravated rape to first degree rape.

[2] In its order of remand, the Louisiana Supreme Court stated that even if the non-unanimous jury claim was not preserved for review, this Court should consider the issue as part of its error patent review, citing La. C.Cr.P. art. 920(2).

on appeal, noting that the Louisiana Supreme Court and the other courts of this state had repeatedly addressed the issue of non-unanimous jury verdicts and found such verdicts to be constitutional.[3] *See State v. C.T.*, 18-650 (La. App. 5 Cir. 7/30/19), 279 So.3d 431, 441.

Thereafter, on April 20, 2020, the United States Supreme Court handed down its decision in *Ramos v. Louisiana*, *supra*, finding that the Sixth Amendment right to a jury trial—as incorporated against the states by the Fourteenth Amendment—requires a unanimous verdict to convict a defendant of a serious offense.[4] The Court concluded: "There can be no question either that the Sixth Amendment's unanimity requirement applies to state and federal trials equally … So if the Sixth Amendment's right to a jury trial requires a unanimous verdict to support a conviction in federal court, it requires no less in state court."

Pursuant to the *Ramos* decision, Louisiana defendants who were convicted of serious offenses by non-unanimous juries and whose cases are still pending on direct review are now entitled to new trials. In the present case, since the verdict was not unanimous for the serious offense of aggravated rape of a juvenile under the age of thirteen and because the case is still on direct review, we find that defendant is entitled to a new trial. Accordingly, we vacate defendant's conviction and sentence and remand to the trial court for further proceedings consistent with this opinion.[5]

**DECREE**

---

[3] On appeal, defendant also raised as error that the evidence was insufficient to support his conviction. After review, this Court found the sufficiency argument to be without merit. *See State v. C.T.*, 279 So.3d at 437.

[4] For purposes of the Sixth Amendment, federal law defines petty offenses as offenses subject to imprisonment of six months or less and serious offenses as offenses subject to imprisonment over six months. The Sixth Amendment's right to a jury trial only attaches to serious offenses. *See generally Lewis v. United States*, 518 U.S. 322, 327-28, 116 S.Ct. 2163, 135 L.Ed.2d 590 (1996); *Hill v. Louisiana*, 2013 WL 486691 (E.D. La. 2013).

[5] In our prior opinion in this case, this Court noted on error patent review that defendant had not been notified at sentencing of the Louisiana's sex offender registration requirements pursuant to La. R.S. 15:540 *et seq.* We remanded to the trial court to provide defendant with written notice of these requirements. *See C.T.*, 279 So.3d at 442. However, given our decision to vacate defendant's conviction and sentence, this error patent is now moot.

For the foregoing reasons, defendant's conviction and sentence are vacated and the matter is remanded to the trial court for further proceedings consistent with this opinion.

**<u>CONVICTION AND SENTENCE</u>**
**<u>VACATED; REMANDED</u>**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

CURTIS B. PURSELL
CLERK OF COURT

MARY E. LEGNON
CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **JULY 15, 2020** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 18-KA-650

### E-NOTIFIED
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE CORNELIUS E. REGAN (DISTRICT JUDGE)
MARTIN E. REGAN, JR. (APPELLANT)          TERRY M. BOUDREAUX (APPELLEE)          JULIET L. CLARK (APPELLEE)
COLIN CLARK (APPELLEE)                    ANDREA F. LONG (APPELLEE)              J. TAYLOR GRAY (APPELLEE)

### MAILED
GRAHAM DAPONTE (APPELLANT)          HON. JEFFREY M. LANDRY (APPELLEE)          HON. PAUL D. CONNICK, JR. (APPELLEE)
ATTORNEY AT LAW                     ATTORNEY GENERAL                          DISTRICT ATTORNEY
2125 ST. CHARLES AVENUE             LOUISIANA DEPARTMENT OF JUSTICE           TWENTY-FOURTH JUDICIAL DISTRICT
NEW ORLEANS, LA 70130               1885 NORTH 3RD STREET                     200 DERBIGNY STREET
                                    6TH FLOOR, LIVINGSTON BUILDING            GRETNA, LA 70053
                                    BATON ROUGE, LA 70802